
**4**

| | |
|---|---|
| 1 | STEVEN S. ALTMAN (State Bar No. 63824) |
| | LAW OFFICES OF STEVEN ALTMAN, PC |
| 2 | Attorney at Law |
| | 1127-12th Street, Suite 203 |
| 3 | Modesto, California 95354 |
| | Phone (209) 521-7255 |
| 4 | Fax: (209) 577-8390 |
| | Email: altman@altmanattorney.com |
| 5 | |
| | Attorney for Trustee |
| 6 | Irma Edmonds |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| In re: | ) | Case No: | 14-24839 |
|---|---|---|---|
| | ) | Chapter 7 Case | |
| Kenneth H. Ung and Alicia S. Ung | ) | DCNO: | SSA-3 |
| | ) | | |
| | ) | Date: | March 9, 2015 |
| | ) | Time: | 10:00 a.m. |
| | ) | Place: | U.S. Bankruptcy Court |
| Debtors | ) | | 501 I Street, 7th Floor |
| | ) | | Sacramento, CA 95814 |
| | ) | | |
| | ) | Judge: | Michael S. McManus |
| | ) | Dept: | A |

## TRUSTEE'S MOTION FOR SALE OF BANKRUPTCY ESTATE'S INTEREST IN REAL PROPERTY

## [11 U.S.C. SECTION 363(b)(1)]

**SUBJECT PROPERTY: [4750 St. Andrews Circle, Stockton, California 95219-APN.118-400-05]**

To: THE HONORABLE MICHAEL S. McMANUS, U.S. BANKRUPTCY JUDGE:

Trustee, Irma Edmonds, respectfully states the following pursuant to 11 U.S.C. Section 363 (b) (1) of the Bankruptcy Code and LBR 9014-1(f)(2) and respectfully represents the following:

1. Debtors filed the subject Chapter 7 bankruptcy case on May 8, 2014. Thereafter, Irma Edmonds became the duly appointed Trustee of the subject estate.

2. Among the assets which constitute this estate is the following real property (hereafter sometimes identified as "the property" or "the subject property" or "St. Andrews property"):

The real property at **4750 St. Andrews Circle, Stockton, California 95219 APN.118-400-05**

3. Debtors' last known exemptions, filed November 25, 2014, provided that their exemption in the subject property would be limited to 35% of the net proceeds and 65% of the net proceeds would inure to the benefit of the bankruptcy estate. (See Debtors' Amended Sch. C Exemptions, filed November 25, 2014, Dckt. No. 46 for which judicial notice is requested pursuant to FRE 201).

4. The Trustee's broker in this case, Bob Brazeal, of PMZ, has obtained a sale for the subject property referenced above, which is further detailed in the subject California Residential Purchase Agreement and Joint Escrow Instructions and Sellers Counter Offer No. 1 (hereafter referenced as "Purchase Agreement). A copy of which is referenced as Exhibit "1" filed in conjunction with this Motion.

5. The principal terms and conditions of the Purchase Agreement are the following:

| | |
|---|---|
| Sale Price: | **$520,000** |
| Initial Escrow Deposit: | **$ 5,200** |
| Buyers to obtain a First Loan (Conventional Financing) of: | **$416,000** |
| Buyers to provide balance of funds into escrow before close of escrow: | **$98,800** |

Buyers' Names: Kirpatric Chua and Helen Chua

Seller to Pay: Natural Hazard Zone Disclosure Report prepared by GeoAssurance and Pest Control Inspection Report by Delk Pest Control.

Other Seller Expenses: Seller to pay for smoke alarm.

Seller shall pay HOA fees for preparing documents other than required by Cal. Civil Code Section4525.

Seller to Pay: Shall pay for cost, not to exceed $485 for upgraded home warranty with Old Republic Home Protection, Platinum Protection

Joint Sale Costs: Buyers and Sellers each to split one-half standard escrow and title costs.

Buyers and Sellers each to split one-half Owner's Title Insurance Policy.

Other Expenses: Buyer shall pay Home Owners' Association ("HOA") transfer fees.

Escrow: Through North American Title.

Loan Contingency Removal: Sixty (60) days after acceptance.

Close of Escrow: Ninety (90) days after acceptance.

COMMISSION: Standard Commission of Six Percent (6%) split equally 3%/3% between Bob Brazeal of PMZ Real Estate and Doug Kraetsch, Grupe Real Estate.

6. The subject St Andrew property sale between Trustee Edmonds and Buyers Kirpatric Chua and Helen Chua is being done with full and complete knowledge, consent and agreement that the sale is **"as is"**, **"where is"** and **"without any warranty of any kind"** concerning the subject property. The foregoing includes, but is not limited to any and all actual observable or latent defects in the real property structures on the property and any issues dealing with the construction of any buildings, dwelling or appurtenant property structures or zoning issues, as well as issues concerning the underlying land.

7. The parties acknowledge that the subject sale is made subject payment of all valid liens and encumbrances of record against the property, including but not necessarily limited to the following: Bank of America- First Deed of Trust, approximate balance:     $208,733

　　　　Bank of America-Second Deed of Trust, approximate balance: $ 82,428

　　　　Wells Fargo- Third Deed of Trust, approximate balance:     $100,075

　　　　Total:     $391,236

Deducting these encumbrances from the gross sale proceeds, will leave a residual gross, before sale, escrow and commission expenses in the amount of $128,764 for distribution. Of which, the estate will realize sixty-five percent of any "net" sum. ($128,764 x 65%=$83,696.60).

8. Buyers understand and consent to the fact the St. Andrews property sale is being sold, subject to approval of the United States Bankruptcy Court at a duly noticed and scheduled hearing set in this matter. Additionally, all parties understand and acknowledge that the sale will also be subject to overbid, as determined by the Bankruptcy Court, at the hearing set in his matter approving sale.

9. Overbids: The Trustee suggests to the Court that any overbids in this matter be in increments of $2,000 dollars. As such, the next highest bid in this matter would be **$522,000.** The Trustee suggests that for anyone wishing to bid and purchase the estate's interest in the subject property, they be prepared to honor the present existing terms and conditions set forth in the Agreement in Exhibit 1 and also be prepared to bid higher in increments set by the Court and suggested by the Trustee to be $2,000 above the current price of **$520,000,** thus making the next higher bid **$522,000.**

**WHEREFORE the Trustee prays as follows:**

1. For authorization to sell the subject property interest referenced above under the terms and conditions herein as referenced above and in Exhibit 1.

2. For this Court to fix the appropriate overbid price in open Court at the date and time set for hearing in this matter.

3. For authority for the Trustee to execute any further documents necessary or convenient to consummate this transaction.

4. For authority to administer the proceeds pursuant to the Trustee's duties on

5. For this Court to maintain continuing jurisdiction in this matter to enforce the terms and conditions set forth in the above Purchase Agreement, any Order for purchase of property after duly held hearing in this matter and reserve jurisdiction, if necessary, if there are any defaults arising from either the Purchase Agreement or after Order duly made in this matter approving Sale.

6. For such other relief the court deems just.

Dated: 11 February 2015                         Law Offices of Steven Altman, PC

By: _____
STEVEN S. ALTMAN
Attorney for Trustee
Irma Edmonds

MOTION IN SUPPORT OF SALE OF ESTATE'S INTEREST
IN DEBTORS' REAL PROPERTY [11 U.S.C. § 363(A)]           4